UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARVIN OGBURN and LONG
MEADOW FARM, LLC,

    Plaintiffs,

v.

JUSTIN HENSCHEL, et al.,

    Defendants.

CIVIL ACTION NO. 1:23cv-01013

(SAPORITO, M.J.)

## MEMORANDUM

This is a *pro se* civil action asserting state-law personal injury claims arising out of a motor vehicle collision, brought in federal district court pursuant to 28 U.S.C. § 1332. It was initiated by the filing of a *pro se* complaint on June 21, 2023. (Doc. 1.) The two named plaintiffs are Marven Ogburn, a citizen and resident of Virginia, and Long Meadow Farm, LLC ("Long Meadow Farm"), a Virginia limited liability company of which Ogburn is the sole member-owner. The named defendants are: (a) Justin Henschel, a resident of Franklin County, Pennsylvania; (b) Henschel's employer, Columbia Gas of Maryland, Inc. ("Columbia Gas"), which allegedly maintains its principal office in Pittsburgh, Pennsylvania; and (c) Columbia Gas's parent corporation, NiSource, Inc.

("NiSource"), which allegedly maintains its principal office in Merrillville, Indiana. The complaint seeks an award of $300,000 in damages.

The inclusion of Long Meadow Farm, a limited liability company, as a named plaintiffs presents a threshold issue. Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party *personally* if the party is unrepresented [by counsel]." Fed. R. Civ. P. 11(a) (emphasis added). The original complaint was personally signed by plaintiff Ogburn, representing himself without counsel, as is his right under 28 U.S.C. § 1654. However, the complaint does not include any signature by counsel for the corporate plaintiff, Long Meadow Farm.

It is well established that a corporation may not appear in federal court as a *pro se* litigant, but rather it must be represented by a licensed attorney. *See Rowland*, 506 U.S. at 202–03 ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Simbraw, Inc. v. United States*, 367 F.2d 373, 373 (3d Cir. 1966) (per curiam) ("[A] corporation [must], to litigate its rights in a court of law, employ an attorney at law

to appear for it and represent it in the court or courts before whom its rights need to be adjudicated[.]"). "The same [rule] applies to LLCs, even those with only a single member, because even single-member LLCs have a legal identity separate from their members." *Dougherty v. Snyder*, 469 Fed. App'x 71, 72 (3d Cir. 2012) (per curiam). Thus, the original complaint filed on June 21, 2023, has satisfied Rule 11 only with respect to Marvin Ogburn, the only plaintiff to have affixed a valid signature to that pleading. It is unsigned with respect to Long Meadow Farm, LLC.

Rule 11 further provides that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a); *see also People ex rel. Snead v. Kirkland*, 462 F. Supp. 914, 917–18 (E.D. Pa. 1978) (striking *pro se* complaint with respect to two plaintiffs who did not sign it). Accordingly, the plaintiffs, having now been notified of the defect in their complaint, will be directed to correct the defect by submitting a copy of the complaint with the signature of a *licensed attorney*, admitted to the bar of this court, who will thereafter appear in this matter as counsel of record for Long Meadow Farm. If a copy of the complaint fully compliant with Rule 11 is not filed within the specified time period, the complaint

will be struck with respect to plaintiff Long Meadow Farm, and the action will proceed on the complaint with Ogburn as the only remaining plaintiff. *See* Fed. R. Civ. P. 11(a); *Snead*, 462 F. Supp. at 917–18.

An appropriate order follows.

Dated: June __23__, 2023

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge